# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| AMBER WICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-05021-DGK |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Amber Wick's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including degenerative disc disease of the lumbar spine with spinal stenosis, status-post lumbar laminectomy, status-post left meniscal repair, and status-post right knee meniscal repair, but she retained the residual functional capacity ("RFC") to perform a range of sedentary work with certain restrictions. The ALJ ultimately found Plaintiff could perform her past relevant work as an admitting clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs on April 27, 2021, alleging a disability onset date of January 15, 2020. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on April 28, 2022, and issued a decision finding Plaintiff was not disabled on May 17, 2022. The Appeals Council denied Plaintiff's request for review on February 7, 2023, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id*. In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id*. The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

2

Case 3:23-cv-05021-DGK   Document 10   Filed 03/27/24   Page 2 of 5

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges one of the ALJ's Step Four findings. Specifically, Plaintiff argues the ALJ erred by failing to properly evaluate the "supportability" and "consistency" factors as required by 20 C.F.R. § 404.1520c when dismissing Stephen Thomas D.O.'s medical opinion. Plaintiff's argument is unpersuasive.

The regulations require an ALJ to focus on the persuasiveness of a medical opinion using the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)–(c). Supportability and consistency are the most important factors to consider, and an ALJ must explain how both factors are considered. *Id.* § 404.1520c(b)(2). Supportability evaluates the relationship between the medical opinion and the evidence and explanations from the medical source. *Id.* § 404.1520c(c)(1). Consistency compares the medical opinion to the other evidence (medical and non-medical) in the record. *Id.* § 404.1520c(c)(2). An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal. *See Bonnett v.*

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

*Kijakazi*, 859 Fed. App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (reversing where ALJ evaluated supportability factor but not consistency factor).

In this case, the ALJ considered two opinions by Dr. Thomas and found them unpersuasive. The opinions indicate Plaintiff has limitations with lifting, sitting, standing, walking, and that she needs frequent breaks. The more detailed of the two opinions states Plaintiff: (1) can occasionally lift less than ten pounds; (2) can only sit for ten minutes at one time; (3) can only stand for ten minutes at one time; (4) needs to shift positions; (5) needs additional unscheduled breaks; (6) would be off task twenty-five percent of the time; and (7) would be absent from work more than four days per month. R. at 78, 419–20. The ALJ found the opinion unpersuasive stating:

> Dr. Thomas' opinion fails to indicate how long the claimant is able to sit, stand, and walk total throughout the day, and only opines how long the claimant is able to do these activities at one time. Additionally, Dr. Thomas' opinion is in the form of a check box type form with little or no narrative to support. Such forms are not as persuasive as an in-depth written analysis which discusses the basis behind the opinion. Moreover, Dr. Thomas' opinion is not supported by his own examination findings and is inconsistent with the overall evidence of record which fail to document significant, ongoing abnormalities on examination that would preclude the claimant from engaging in SGA level work. The opinion is also inconsistent with the claimant's self-reported activities, as discussed above.

R. at 78 (internal citations to the record omitted). Concerning Dr. Thomas' second, less detailed opinion, the ALJ found it unpersuasive and vague because it did not provide any specific exertional limits for the stated impairments. *See* R. at 78, 869–70.

The ALJ's analysis of Dr. Thomas' opinions sufficiently addresses supportability and consistency. Regarding supportably, the ALJ cited four office visits with Dr. Thomas where Plaintiff's physical examinations were unremarkable or mildly abnormal. *See* R. 76–77 (discussing Plaintiff's medical history). Based on these records, the ALJ determined Dr. Thomas'

4

contemporaneous treatment notes did not support the exertional limitations in his medical opinions.

As to consistency, the ALJ cited other physical examinations that were similarly unremarkable or mildly abnormal. *See* R. at 78 (citing thirteen office visits). The record also indicates Plaintiff routinely reported minimal pain, walked her dog, was able to walk/hike 1.5 miles, mowed her yard, and painted her home. *See* R. at 335, 347, 352, 356, 360, 476, 490, 632, 756. Further, Plaintiff testified she can sit for 15–20 minutes and stand for 25–30 minutes before needing to change position. R. at 96–97, 99. Based on this evidence, the ALJ determined the exertional limitations in Dr. Thomas' medical opinions were inconsistent with the record as a whole.

Accordingly, because the supportability and consistency factors were clearly addressed and supported by substantial evidence on the record as a whole, the ALJ did not err at Step Four.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 27, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT